PEDDIE *v.* DONNELLY.

PLEADING — *variance may be alleged under non est factum.* In debt on a promissory note, the defendant may take advantage of a misdescription of the note under the plea of *non est factum.*

PLEADING — *variance in description of note.* In an action against two it was alleged "that the defendants made their note, the said Abram D. Bevan by the name and style of A. D. Bevan," and the note was signed by A. D. Bevan and his co-defendant. *Held,* that there was no variance, and there was no ground of demurrer to the declaration.

PLEADING — *contemporaneous agreement as defense to a note.* In an action on a promissory note if the defendant sets up a contemporaneous agreement modifying the note, he must allege in his plea that the agreement was in writing.

*Error to Probate Court, Jefferson County.*

THE first plea of defendant Peddie was *non est factum* verified by the oath of the defendant. In his second plea defendant Peddie alleged that the action was brought on the note described in the declaration only, and that the note was given by defendant Bevan and himself for money borrowed by Bevan to enable him to go to St. Louis, to sell mining property belonging to the plaintiff, and that it was agreed, between plaintiff, Bevan and himself, at the time the money was borrowed, that the same should be repaid out of the proceeds of the sale of the said mining property, and that said sum of money should not be repaid until Bevan sold the property, which event had not occurred.

It was not alleged that this agreement was in writing. The promissory note given in evidence was as follows:

" BRECKENRIDGE, 1868.

" *Colorado Terry, Oct.* 3.

" Four months after date we, or either of us, promise to pay to Charles Donnelly, or order, the sum of ($300) three hundred dollars lawful money, for value received, with interest at the rate of three per cent per month until paid.

" A. D. BEVAN. [L. S.]

" ANDREW PEDDIE." [L. S.]

The court below gave judgment for the plaintiff.

Mr. GEORGE W. PURKINS, for plaintiff in error.

Messrs. MILLER & MARKHAM, for defendant in error.

WELLS, J.   We agree with counsel for the plaintiff in error, that the plea of *non est factum* was sufficient to give advantage of any variance between the obligation counted upon and the allegations descriptive thereof, but we are not able to agree that the alleged variance exists in this case.   The count avers that "the defendants heretofore, to wit, on, etc., at, etc., the said Abram D. Bevan, by the name and style of A. D. Bevan, made their certain writing obligatory," and out of the words "the said Abram D. Bevan, by the name and style of A. D. Bevan," it is argued the variance arises; for it is said hereby it appears that the obligation was on its face the deed of Bevan only, whereas that offered in evidence was subscribed and sealed by both the defendants.   It appears to us, however, that the words of the declaration last quoted are to be read as if written in parenthesis, importing description of the manner in which the defendant Bevan executed the writing, and not as contradicting what is also alleged, "that the defendants made their writing obligatory."

And this disposes of the objection that the demurrer to the special plea, interposed in the court below, should have been sustained to the first count of the declaration.   There

was no substantial defect in that count to which the demurrer could have been extended. The only question remaining is, as to the sufficiency of the special plea.

If this were a new question we might be inclined to doubt whether the language of the plea ought not to be construed as importing that the supplemental undertaking, upon which the defendant relies, was, as the law requires, in order that it should be effectual, in writing; for, though it appears to be well settled that a promise in writing, absolute, may not, by parol, be turned into a promise upon condition (*Hoare* v. *Graham*, 3 Camp. 57; *Nausen* v. *Walker*, 1 Stark. 361; *Free* v. *Hawkins*, 8 Taunt. 92; *Woodbridge* v. *Spooner*, 3 Barn. & Ald. 233; *Mosely* v. *Robinson*, 10 B. & C. 729; *Brown* v. *Langley*, 4 M. & Gr. 473), yet this seems to be rather a rule of evidence than of pleading, and the defendant having set forth an agreement which, if established, will bar the plaintiff of his present action, it would seem that this ought to suffice, although he has not shown by what manner of evidence he will sustain his plea.

Nevertheless, it has uniformly been held, so far as the authorities have come to our notice, that, if plaintiff count upon a writing, and the plea show an agreement contemporaneous and modifying its terms, it must show that this agreement also was in writing. *Mease, Executor*, v. *Mease*, 1 Cowp. 47; *Wells* v. *Baldwin*, 18 Johns. 46; *Miller* v. *Wells*, 46 Ill. 49. And, if it fail in this, plaintiff may demur generally.

The judgment of the probate court is, therefore, affirmed.

*Affirmed.*