[No. 3875.]

CARLILE v. THE PEOPLE FOR THE USE OF PUEBLO COUNTY.

1. PRACTICE—JUDGMENT UPON PLEADING—OFFICIAL BONDS.

In an action upon an official bond where the execution of the bond was denied by one of the sureties, it was error to enter judgment against such surety on the pleading.

2. CONTRACTS—SEALS—SCROLLS—PLEADING.

Under section 440, Mills' Ann. Stats., providing that any instrument of writing to which the maker shall affix a scroll by way of seal shall be of the same effect as if the same were sealed, where a blank form of bond is used with the word "seal" with a scroll around it printed after the blank space for the signature, the maker of the bond may adopt the printed word and scroll as his seal. In an action upon such a bond an attempted defense that defendant did not seal the bond and did not affix a scroll by way of seal thereto, and that the only seal upon the bond was a scroll by way of seal, and that it was not affixed to the bond by defendant or by his authority or consent, is incomplete unless it go further and deny that he adopted the printed scroll as his seal.

3. PLEADING—INCONSISTENT DEFENSES.

Inconsistent defenses may be pleaded in the same answer, but each defense therein must be complete in, and consistent with, itself.

4. PLEADING—NEGLIGENCE.

In an action upon an official bond where the surety attempted to plead

in defense a release on account of the negligence of plaintiff in instituting proceedings against the principal, without deciding whether the negligence of the obligee in beginning proceedings against the principal would release the surety, it is held that a general allegation of negligence without alleging the facts constituting the negligence was insufficient.

*Error to the District Court of Pueblo County.*

Mr. M. J. GALLIGAN, for plaintiff in error.

No appearance for defendant in error.

PER CURIAM. This is an action against the principal and sureties of a county treasurer's bond. There was a judgment against the obligors below, and the plaintiff in error here (one of the sureties) has brought this writ of error to reverse the judgment.

To review the same judgment another writ of error was sued out of this court by the other sureties and the principal of the bond, and as to them the judgment was reversed because of an error of the trial court in sustaining the plaintiff's motion for a judgment upon the pleadings in disregard of specific denials contained in one of the defenses of the answer. *Gartley v. The People*, 24 Colo. 155.

The plaintiff in error here, as the surety below, filed a separate · answer, its specific denials being substantially the same as those contained in the answer in that case. For the same reason the judgment must be reversed, though the main affirmative defense relied upon in both actions—being that the moneys, to recover. which the action was brought, were deposited by the county treasurer (the principal of the bond) in a solvent bank which subsequently failed, thereby rendering him unable to turn over to his successor the fund in controversy—was held in the other case to be insufficient, in law, to release the obligors on his official bond.

There are other defenses, however, in this answer which demand consideration.

1. In the answer before the court in the *Gartley* case

there was an admission of the execution by the defendants of the bond sued on, while in the answer here the execution is denied. For this additional reason the sustaining of plaintiff's motion for a judgment upon the pleadings was prejudicial to defendant.

2. Another attempted defense is that the defendant did not seal the bond set forth in the complaint, and did not affix a scroll by way of seal thereto, and that the only seal upon the bond is a scroll by way of seal, and that it was not affixed to the bond by this defendant or by his authority or consent.

If it be assumed that defendant is not liable upon the instrument sued upon unless it had a seal or its equivalent, the defense is incomplete. By statute in this state, any instrument of writing to which the maker shall affix a scroll by way of seal shall be of the same effect as if the same were sealed. 1 Mills' Ann. Stats. sec. 440; Gen. Stats. 1883, sec. 3121. In the complaint a copy of the bond is set forth *in haec verba* in which is the recital "sealed with our seals," etc. For aught that appears in this defense, when considered in the light of the complaint, the defendant may have adopted as his seal the printed word, "seal," with a scroll around it, put there by the printer, which is common in printed bonds in this state, and if that were the fact, which is not denied, this defense is not good.

3. Another defense is that the defendant, if he signed this bond at all, did so upon condition that the principal and all the sureties named therein should execute it, and that all names therein inserted should be signed to it, and that in the event that the principal and all such sureties should not execute it, or that all names therein inserted should not be signed to it, then the defendant should not be liable thereon as surety or otherwise; and the further allegation is that, while ten names as principal and sureties are inserted and appear in the body of the bond, there are only nine names signed thereto, and therefore the bond shows by its recitals, and by the insertion of the names of principal and sureties

more names than are actually signed to it, and that the bond was not delivered to the obligee by this defendant.

We take it that the defendant has endeavored to bring himself within the principle laid down in the leading case of *Ward v. Churn*, 18 Grat. 801; s. c., 98 Amer. Dec. 749, in which, under the facts of that case, which are claimed to be on all fours with this, the obligors were held not bound by the bond whether the condition were known to the obligee or not. This defense seeks to raise an important question, which should not be decided except upon full argument, and as the obligee has not appeared by counsel to give us the benefit of his investigation, we shall decline to pass upon the question sought to be raised, but which a fair construction of the pleading shows is not so presented as to call for a decision.

This defense necessarily assumes the execution of the bond, and it sufficiently appears from the face of the bond itself, whose execution is admitted, that only nine obligors, including the principal and sureties, are named in the bond, and all their names are signed thereto. Since, therefore, all the names inserted in the bond are signed to it, and all the obligors, for whose liability defendant stipulated, are bound, the very condition that fixes his own liability was complied with. While it is true that under our practice inconsistent defenses may be pleaded in the same answer, each defense therein must be complete in and consistent with itself.

4. There is another defense which, after alleging that if all other conditions are present which, under the law, would make the defendant liable, he nevertheless has been released from his obligation because of the negligence of the plaintiff in instituting proceedings against Gartley, the principal of the bond, to recover the amount not paid over to his successor. This defense is insufficient, however, for even if negligence upon the part of the obligee in beginning proceedings against the principal would release the sureties, which we do not decide, there are no facts whatever tending to show such negligence, but, on the contrary, negligence is simply alleged

in general terms which is not allowable under well recognized rules of pleading.

Neither of the defenses as pleaded in the answer, except the general denials above referred to, is a sufficient defense to the action, but on account of the error of the district court in rendering judgment for the plaintiff in the face of the specific denials in the answer of some of the material allegations of the complaint upon which plaintiff's cause of action is founded, the judgment must be reversed and it is so ordered.

*Reversed.*