[No. 5869.]

## HOOVER v. HORN.

1. **Judgment on the Pleadings** is not to be rendered where the answer presents a substantial defense, even though it unites in one defense separate and inconsistent contentions.—(290)

2. **Striking Pleadings from the Files**—An answer presenting in one defense separate and inconsistent defenses, may be stricken on motion.—(291)

3. **Deceit**—One who is induced to become surety for another by false statements of the creditor that he holds other security, may avail himself of the deceit in an action for the indebtedness.—(291)

*Appeal from Boulder District Court* — Hon. CHRISTIAN A. BENNETT, Judge.

Mr. JAMES T. HOGAN, for appellant.

Mr. CHARLES M. CAMPBELL, for appellee.

CHIEF JUSTICE STEELE delivered the opinion of the court:

The district court of Boulder County rendered judgment in favor of S. T. Horn and against Hoover and Keables, the defendants, upon a certain promissory note executed by Hoover and Keables and one Gearhart, dated August 4, 1904, and payable two months after date, to the order of Horn. The judgment was rendered on the pleadings.

The defendants' answer, aside from denials which were bad, one as being a negative pregnant, and the other as stating a legal conclusion, shows an attempt to plead two inconsistent defenses:

First, that the plaintiff, Horn, had, at the time the note sued on became due, a valid chattel mortgage upon property of the said Gearhart, of the value of five or six hundred dollars, and that he made no attempt to realize on such property; and,

Second, that, for the purpose of inducing the defendants to sign the said note with Gearhart, the said Horn falsely and fraudulently pretended to them that he had a good and valid chattel mortgage upon property of the said Gearhart, of the value of five or six hundred dollars; whereas, in truth and in fact, as the said Horn well knew, all the property originally covered by the chattel mortgage had, at that time, been removed from the county of Boulder by the said Gearhart, and sold and disposed of; that the defendants believed said representations to be true, and were induced thereby to sign the said note as sureties for the said Gearhart, in consideration of an extension of two months, by Horn to Gearhart, of the term of said chattel mortgage.

The rule adopted by this court with reference to judgment upon the pleadings is thus stated in the case of *Mills et al. v. Hart,* 24 Colo. 505, wherein

Mr. Justice Gabbert states: "As a general proposition, a motion for judgment on the pleadings, based on the facts thereby established, cannot be sustained, except where, under such facts, a judgment different from that pronounced could not be rendered; notwithstanding any evidence which might be produced (*Rice v. Bush*, 16 Colo. 484); or that such a motion cannot be sustained, unless, under the admitted facts, the moving party is entitled to judgment, without regard to what the findings might be on the facts upon which issue is joined; so that, in determining the rights of the defendants to the judgment given them, the real question to determine is, the sufficiency of the admitted facts to warrant the judgment rendered, and the materiality of those on which issue was joined." And, quoting from 9 Col. App. 211, Judge Gabbert further states: "A motion for judgment on the pleadings cannot prevail, unless, on the facts thereby established, the court, as a matter of law, can pronounce a judgment on the merits; that is, determine the rights of the parties to the subject-matter of the controversy, and render a judgment in relation thereto which is final between the parties. Such a motion cannot, under the guise of a motion for judgment on the pleadings, be substituted for some other plea."

Upon a motion for judgment on the pleadings inconsistent defenses cannot be regarded as vitiating one another, but if any good defense is stated in the answer, it must be considered as true. The answer states that the owner of the note represented to these defendants that he held a chattel mortgage which was a first lien upon certain property of Gearhart, and that the property was of the value of five or six hundred dollars. The answer further alleges that they, believing these representations, agreed to become, and did become, sureties upon the

note of Gearhart. The answer further states that, at the time the said mortgage was given, all of the property mentioned therein had been removed from the county of Boulder, where the property was supposed to have been situated, and had been sold by said Gearhart, and that the plaintiff knew of such facts. These matters are perhaps not properly pleaded, and a motion to strike the answer because it contained but one defense and that defense contained several contradictory and inconsistent statements, might properly have been granted; but it was improper to grant a motion for judgment upon the pleadings. If the defendants were induced to become the sureties of Gearhart upon the statement of the holder of the mortgage that he had a valid first lien upon the property, when in truth and in fact there was no property of the mortgagor in that county upon which he had a lien, it deprived these sureties of the right to pay off the mortgage and become subrogated to the rights of the mortgagee.

The judgment will be reversed, and the cause remanded.

*Reversed and remanded.*

Mr. JUSTICE GABBERT and Mr. JUSTICE HILL concur.

*Rehearing denied.*