[No. 7120.]

RICHARDS ET AL. v. STEWART.

1. PLEADINGS—*Judgment on the Pleadings*—A motion for judgment on the pleadings cannot be entertained where a material issue of fact is tendered.

Action upon a promissory note. Answer that defendants procured the money for a certain mining corporation, under an agreement that if the note should not be paid at maturity plaintiff would retain certain stock, already issued to him, in full payment thereof; that the not was not paid at maturity; that the stock had been accepted and taken, and was still held by the plaintiff in full payment of the note.

By another defense the defendant averred that both principal and interest of the note had been "fully paid, discharged and satisfied." Held that upon this latter averment defendant was entitled to a trial, and to allow judgment for plaintiff on the pleadings was error.

2. ANSWER—*Inconsistent Defenses*—Inconsistent defenses are allowed under the code, especially where each is consistent with itself and the defense stated in each is full, complete and independent.

There is no inconsistency between a general plea of payment and a plea of payment in a particular manner.

3. ——*Objections to Answer*—for inconsistency in the defenses presented, should be taken by demurrer, motion to make more definite, to strike, or to compel an election.

4. EVIDENCE—*Parol to Vary a Writing*—In an action on a promissory note it is admissible to show by parol that at the execution of the note certain shares of corporate stock were deposited with the payee, with an agreement that if the note should not be paid at maturity the payee should retain the stock, in full discharge thereof, and that the payee accepted and retained the stock, in full satisfaction of the note. *Peddie v. Donnelly*, 1 Colo. 421 distinguished.

*Error to Denver County Court.*—Hon. JOHN R. DIXON, Judge.

Mr. M. K. EDWARDS and Mr. FLOYD J. WILSON, for plaintiffs in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The action was upon a promissory note. There were separate amended answers by the defendants, practically the same both in phrase and substance. By these amended answers the execution and delivery of the note is admitted. By paragraph 5 of the first defense, in each answer, this is alleged:

"This defendant denies that the said note has not been paid; she denies that there is now due or owing thereon the sum of $400.00 or any other amount of money whatsoever, either as principal or interest thereon, but on the contrary in this behalf this defendant alleges that the said note, including the principal sum thereof and all interest which ever accrued thereon, has been heretofore fully paid, discharged, released and satisfied."

For a further and separate answer and defense the amended answers allege, in substance, that the defendants were directors of the Colorado & Southern Mining Company, a corporation, with a large amount of treasury stock of the value of at least fifteen cents a share; that acting for this company they secured from the plaintiff, for its use, the money represented by the note in suit; that at the time of the execution and delivery of the note it was mutually agreed that the company should issue and deliver to plaintiff a certificate for five thousand shares of its treasury stock; that unless the stock should be redeemed by the payment of the note at the time of its maturity, plaintiff would keep it in full payment thereof; that the failure of defendants, or the company, to pay the note at maturity should be held as an election by all parties that the stock should become the property of plaintiff in payment of the note; that neither the defendants nor the company paid the note in money at its maturity, but did avail themselves of the right to have the plaintiff take the

stock in payment therof; that the stock had been taken, accepted and is now held by plaintiff in full payment, satisfaction and discharge of the note.

The complaint and amended answers were duly verified. There was no replication, but instead a motion for judgment on the pleadings was interposed, sustained, and plaintiff had judgment for the full amount of the note, to review which the defendants bring the case here on error.

The scope and effect of a motion for judgment on the pleadings is well settled in this jurisdiction. In *Speer v. Craig,* 16 Colo. 478, upon this subject this is declared:

"This motion touches the substance and not the form of the pleading attacked. It is usually interposed only where one or more of the material averments of fact in the complaint or answer are admitted or left undenied by the answer of replication."

And in *Cornett v. Smith,* 15 Colo. App. 53, it is said:

"No matter how much superfluous matter a pleading may contain, or how rambling or disconnected it may be, if enough can be found in it to sustain a judgment in favor of the party offering it, it is error to disregard it."

In *Harris v. Harris,* 9 Colo. App. 211, upon this subject the following is announced:

"It will be observed that the right or power of the court to award a judgment upon the pleadings is very limited and restricted. Unless there is an admission by the plaintiff of some fact that renders recovery impossible, or the claim is such that no legal recovery could be had if established by proof, a judgment upon the pleadings is not allowable; and it also appears that where the cause of action is informally or defectively stated, but shows a good cause of action if properly stated, and might be made a good cause of action by amendment, judgment upon the pleadings is not warranted. The motion for judgment cannot be substituted in the place of a demurrer and preclude amendments."

In *Rice v. Rush,* 16 Colo. 484, 488, this court said:

"In passing upon a motion by one party for judgment upon the pleadings, after issue joined, all the material allegations of the opposite party must be taken as true; and if the pleadings of the opposite party, though defective in form, are nevertheless sufficient in substance to sustain a judgment in his favor, the motion should not be granted. In general, a motion for judgment upon the pleadings cannot properly be granted except in cases where the pleadings are not sufficient to sustain a different judgment notwithstanding any evidence which might be produced."

The like rule is laid down in *Mills v. Hart,* 24 Colo. 507; *Perrin v. Smith,* 39 Colo. 405; and *Hoover v. Horn,* 45 Colo. 288.

In *Roberts v. Colorado Springs & Interurban Railway Co.,* 45 Colo. 188, 194, it is said:

"A judgment upon the pleadings should not be rendered unless upon the admissions in the answer it is impossible for the court to render any other judgment than that prayed for in the complaint; and a motion for judgment upon the pleadings cannot be made to take the place of a demurrer, or another plea. A motion for judgment upon the pleadings admits that the statements in the pleas are true."

The legal question raised by the motion is whether the separate amended answers set forth, in substance, good defenses; or, in other words, whether the court would have been bound to render judgment in favor of plaintiff, notwithstanding any evidence which might have been adduced by the defendants in support of their several pleas. Applying this test, the conclusion must be that the judgment of the court below was erroneous, because in the first defense of each of the amended answers there is a direct, positive, unequivocal and affirmative allegation, that the note sued upon has been fully paid, satisfied and discharged. No liberal rule of construction need be invoked in aid of this plea; its sufficiency cannot be doubted. It tendered a material issue of fact, which was undenied. How can it be claimed that the plaintiff,

having by his motion for judgment on the pleadings admitted
the plea of payment to be true, was still entitled to judgment?
It has uniformly been held that a motion for judgment upon
the pleadings cannot be entertained where a material issue
of fact is tendered. It is obvious that the general plea of
payment tendered a material fact issue, upon which the de-
fendants were entitled to be heard.—11 Ency. Pl. & Pr. 1033;
*Widmer v. Martin,* 87 Cal. 88; *Johnson v. Manning,* 3 Idaho
352; and *Kimber v. Gunnell Gold M. & M. Co.,* 126 Fed. 137.

If it be objected that the two defenses are inconsistent,
the answer is that there is in fact no inconsistency between a
plea of payment generally and a plea of payment in a particu-
lar way. Evidence to support the latter would be equally
competent to establish the former. But even if the defenses
are inconsistent, that constitutes no legal ground of objection,
for inconsistent defenses are allowable under the code, and
especially where, as in this case, they are entirely consistent
with themselves, and state complete, full and independent
defenses.—Pomeroy's Code Remedies, 4th ed., sec. 598; *Pike·
v. Sutton,* 21 Colo. 84; *Carlile v. The People,* 27 Colo. 116;
and *Hill v. Goesbeck,* 29 Colo. 161. Furthermore, if there
be valid objections to these defenses, either on the ground of
inconsistency, or for failure of facts, or because of informality
or insufficiency of statement, they should have been raised by
demurrer, or by motion to make more definite and certain, to
strike, or to compel the defendants to elect. Such objections
cannot be taken by motion for judgment on the pleadings, for
that would be to foreclose all opportunity of amendment.

The decision of the court below seems to have been
reached upon these two propositions: First, that the defense
in the amended answers, containing the general plea of pay-
ment, was nullified by the second and separate defense, where-
in payment in a particular manner is alleged. Second, that
the second and separate defense, that of payment in a specific
way, was insufficient because it attempted to vary and contra-

dict a written instrument by a contemporaneous oral agreement.

The first proposition has been already definitely disposed of by this court. In *Hoover v. Horn, supra,* speaking to this precise point, it was declared:

"Upon a motion for judgment on the pleadings inconsistent defenses cannot be regarded as vitiating one another, but if any good defense is stated in the answer, it must be considered as true."

The general plea of payment was beyond all question a good plea in bar, and must be taken as true under the above ruling. The conclusion is therefore inevitable that the court erred in rendering judgment upon the pleadings, whether the second separate and further defense is good or bad.

However, it seems equally clear that the court was in error upon the second proposition, namely, that the plea of payment in a particular way was insufficient, because it involved an attempt to vary a written contract by a contemporaneous oral agreement. Let it be conceded that the agreement set up by this plea was in fact oral, still it will be noted that it not only states that the agreement was made, but that it has been executed by the acceptance by the plaintiff of the stock in question in payment of the note. The motion for judgment on the pleadings admits this allegation to be true. How then, in the face of such an admission, could such a judgment be properly rendered? The matters alleged were not designed to vary a written agreement, but to show that the obligation had been discharged, and the whole question became one rather of evidence than of pleading. That such fact can be shown by oral evidence must be so on principle, and the authorities unequivocally so declare.—22 Am. & Eng. Ency, Law, 580; 1 Greenleaf on Evidence, sec. 302; Browne on Parol Evidence, sec. 69; 3 Randolph on Commercial Paper, sec. 1904; 2 Ency. of Evidence, 442; 9 Ency. of Evidence, 369; *First National Bank v. New,* 146 Ind. 418; *Johnston v. McCart,* 24 Wash. 24; *Tucker v. Tucker,* 113 Ind. 274;

*Howard v. Stratton,* 64 Cal. 488; *Julliard v. Chaffee,* 92 N. Y. 535; *Jones v. Keyes,* 16 Wis. 588; *Crosman v. Fuller,* 17 Pickering, 174; and *Isaacs v. Jacobs,* 8 N. Y. Supp. 345.

The case which the court seems to have mainly relied upon in arriving at its conclusion, that the second defense was insufficient, is that of *Peddie v. Donnelly,* 1 Colo. 421, where it is held that an unexecuted contemporaneous agreement varying the terms of a written agreement must be alleged and proved to be in writing, and that in the absence of such allegation in the answer a general demurrer would lie. It is to be observed that in this case the sufficiency of the plea was not tested by demurrer, but it was sought to dispose of it by a motion for judgment on the pleadings, which, under the authorities already cited, clearly was not competent. Moreover, the case of *Peddie v. Donnelly, supra,* has no application to the question as presented here, because of the distinction between executed and unexecuted parol contemporaneous agreements, where relied upon in defense of a suit upon a written instrument. This distinction is clearly pointed out and fully considered in the case of *Miller v. West,* 46 Ill. 49.

Where, as in this case, it is alleged that a contemporaneous parol agreement has been fully executed, and that the execution thereof operated by agreement to discharge the obligation counted on, the doctrine announced in the case of *Peddie v. Donnelly, supra,* is inapplicable. It surely was competent, if it be a fact, to prove by parol that the note had been paid by delivery to, and acceptance for that purpose by, the plaintiff of the stock mentioned. Such proof does not go to establish a variance by parol of the terms of the original written instrument, but simply to show that the obligation has been paid.

The judgment below is plainly erroneous. It is reversed, and the cause remanded for further proceedings in conformity with these views.

*Judgment reversed and cause remanded.*

Mr. JUSTICE MUSSER and Mr. JUSTICE WHITE concur.