## No. 9563.

## BARTHOLOMEW *v.* EMERSON-BRANTINGHAM IMPLEMENT COMPANY.

1. PRACTICE IN ERROR—*Matter Not Pleaded,* but treated by both parties as in issue will be considered in the court of review.

2. PAYMENT—*Need Not Be in Money.* Whatever is given and accepted as a discharge of liability is payment, e. g., an agreement at the time of the execution of a promissory note, to apply thereon the notes of another which the payee has before that obtained from the maker.

3. PRINCIPAL AND AGENT—*Agent's Authority.* B. was employed by by plaintiff to settle or compromise a claim which he asserted against another. There being no limitation upon his authority it was assumed to authorize a stipulation for the application upon the promissory notes received in the settlement, as a payment, the notes, of another, before that received by the plaintiff from defendant. Retaining the notes of the third party, after agreeing to their application as payment, amounts to an acceptance, and the parol modification of the notes upon which they are to be applied.

*Error to Denver District Court, Hon. Clarence J. Morley, Judge.*

*Department Two.*

Mr. GEORGE F. DUNKLEE and Mr. EDWARD V. DUNKLEE, for plaintiff in error.

Mr. FRANK L. GRANT, for defendant in error.

Mr. Justice Denison delivered the opinion of the court.

THE suit was by defendant in error, plaintiff below, on promissory notes. The answer denied non-payment, averred payment and denied all allegations not admitted. There was no replication; consequently the plea of payment stands admitted in the pleadings.

This court has wavered on the question but has finally determined that payment is an affirmative defense, even when it is negatived in the complaint and the answer con-

tains a general denial.  *Nitro Co. v. Kearns,* 50 Colo. 1, 9, 114 Pac. 396; *Harvey v. D. & R. G. R. Co.,* 44 Colo. 258, 262, 99 Pac. 31, 130 Am. St. 120; *Florence O. & R. Co. v. Bank,* 38 Colo. 120, 122, 88 Pac. 182; *Thomas v. Carey,* 26 Colo. 485, 495, 58 Pac. 1093.  Since, however, payment was treated by both parties and the court as an issue, and the question is not raised here, we shall not reverse the case on that point, but shall consider the case as if the plea of payment had been traversed.  The District Court directed a verdict for the plaintiff for the full amount of his claim.

1.  The plaintiff company claims that the facts shown by the evidence do not constitute payment, and so, since payment is the only issue, are irrelevant.

The evidence was that in 1909 defendant wrote to Reeves & Company, saying he would buy a new 20 h. p. engine, if they would send a man along to fix up the deal on the old engine, and help make a partnership settlement with defendant's partner, Ong.  They sent one Spicer.  Upon the settlement Ong owed defendant $600, and defendant arranged with Spicer to buy a new engine, giving notes for the price, and endorsing the two $300 notes given by Ong in settlement of the partnership matters, as partial payment of the notes so given.  This was done and Spicer took all the notes, and the Ong notes were accepted and retained by Reeves & Co.  That later the notes were held by plaintiff and one Bryson appeared, claiming to be the agent of plaintiff and threatened proceedings unless new notes were given.  Defendant claimed that the Ong notes should be credited and Bryson agreed that they "should be a payment on the new notes."  Thereupon new notes, that is the notes now in suit, were given.

Payment has been defined variously.  30 Cyc. 1180.  It may be defined as the discharge of indebtedness by delivery of money or its equivalent to the creditor.  It must be intended as whole or partial discharge by both parties.  If defendant's testimony was true the Ong notes were to be applied as a partial discharge of the notes in suit.  Payment need not be in money; that is payment which the

parties agree is given and accepted as payment. 30 Cyc. 1181, note 6. *Richards v. Stewart*, 53 Colo. 205, 124 Pac. 740. The fact that the agreement to apply the Ong notes as payment was made at the time of making the notes in suit is not enough to exclude it as a defense. *Richards v. Stewart, supra.* The agreement shown by defendant's testimony is sufficient, then, to constitute payment.

2. But defendant in error says Bryson's authority is not shown. He is shown to be the agent of defendant in error to settle or compromise with Bartholomew by the acceptance of the notes in suit which he procured for the plaintiff company. Being, then, agent for that purpose, and no limitation of his authority within that scope being shown in the record, we are compelled to assume that the contract which he made with Bartholomew was authorized.

3. It follows from what has been said that the plaintiff company, upon the record before us, is shown to have accepted the Ong notes as part payment. It retained them after it had contracted that they should constitute payment. This, unexplained, amounts to acceptance and the parol modification of the notes, if it be a modification, is, therefore, on the face of this record, an executed one and not open to the objection that it varies a written instrument. *Richards v. Stewart, supra.*

It is impossible to say what will be shown upon a new trial, but, upon the evidence before us, the defendant, if he was not entitled to a directed verdict, had at least a right to have the question of the truth of his testimony passed on by the jury. The judgment should be reversed and a new trial granted, with leave to both parties to amend.

**Garrigues, C. J. and Scott, J. concur.**