PIKE ET AL. v. SUTTON ET AL.

1. PLEADING—INCONSISTENT DEFENSES.

Inconsistent defenses may be pleaded, and, in order that the defendant may have the benefit of each defense, he may, under denials, put the plaintiff to proof of every material allegation of his complaint, without regard to other pleadings or defenses.

2. APPELLATE PRACTICE—EXCEPTIONS TO INSTRUCTIONS.

Instructions, to which neither objections were made nor exceptions reserved, will not be reviewed.

3. VERDICT IN EJECTMENT CASES.

Where the plaintiff in ejectment fails to establish his right of possession, a general verdict for the defendant is sufficient in form.

*Appeal from the District Court of Summit County.*

ACTION commenced in the district court of Summit county by appellants, C. H. Pike and others, as plaintiffs, for possession of government lands claimed as a placer claim. The defendants filed an answer, denying specifically every allegation contained in the complaint, and by way of cross complaint allege that they are the owners of the Clinton placer claim, describing the same and averring facts showing that this claim covers the greater part of the premises described in the plaintiff's complaint. Upon these issues the cause was submitted to a jury, who returned the following verdict: "We, the jury, find for the defendants." Judgment having been entered upon this verdict, the plaintiffs bring the case here by appeal.

Messrs. MONTGOMERY & JACOWAY, for appellants.

Messrs. RIDDELL, STARKWEATHER & DIXON, for appellees.

CHIEF JUSTICE HAYT delivered the opinion of the court.

The specific denials of the answer put in issue every material allegation of the complaint; consequently these denials,

if standing alone, would compel the plaintiffs to prove every fact necessary to a recovery. It is claimed, however, that the defendants, having set up in their cross complaint a claim to the property in controversy as mineral land, are estopped from denying its mineral character. We do not think this claim should be sustained, as under our code the defendant is allowed to plead inconsistent defenses, and in order that he may have the benefit of each defense he may, under general or specific denials, put the plaintiff to proof of every material allegation of his complaint without regard to other defenses, and in this case the claim of the defendants to the ground in controversy as a placer claim in their cross complaint we think did not do away with the necessity for the plaintiff proving the mineral character of the land.

There was no exception reserved to the instructions given by the court nor were they objected to in any way; hence, under the well settled rule in this state, the instructions cannot be reviewed, but will be assumed to be correct. *McFeters v. Pierson et al.*, 15 Colo. 201.

Objection is made to the form of the verdict, it being simply a verdict for the defendants. The form of the verdict in this case is in no way influenced by the statute of the United States with reference to the trial of adverse suits, this not being an adverse suit, but a case in the nature of ejectment. The rule in such cases is that if the plaintiff fails to establish his right of possession affirmatively, the verdict shall be for the defendant, a general verdict being sufficient. *Dyke v. Whyte*, 17 Colo. 296; *Chivington v. The Colorado Springs Company*, 9 Colo. 597.

The judgment will be affirmed.

*Affirmed.*