[No. 5053.]
[No. 2618 C. A.]

## CONREY v. NICHOLS ET AL.

1. **Appellate Practice—Abstracts of Record.**

The rule of the supreme court providing that if appellee or defendant in error is not satisfied with the abstract of record filed, he may file a further abstract, does not apply where appellant has included in his abstract matters not contained in the transcript or bill of exceptions, and objection to the consideration of such extraneous matter inserted in an abstract may be raised at any time.

2. **Appellate Practice—Instructions—Objections.**

Where the record fails to show that any objection was made or exception reserved to any instruction given by the trial court, assignments of error based upon alleged errors in such instructions will not be considered by the appellate court.

3. **Pleading—Inconsistent Defenses.**

Under section 59 of the code, inconsistent defenses are permissible.

4. **Same—Contracts.**

Where plaintiff's complaint alleged a contract on defendants' part to sink a well to a sufficient depth to supply a good quality of soft water in sufficient quantity for plaintiff's domestic and stock purposes, and defendants' answer admitted the contract as alleged and averred a performance thereof, and in a further defense and counter-claim alleged another contract similar in its character to the one alleged by plaintiff which was made necessary by the fact that after defendants had fully complied with the terms of the first contract a seam in the wall rock of the well developed from which soft material entered the well and interfered with the operation of the pump, necessitating the recasing and sinking the well to a greater depth, the counter-claim pleaded by defendants was not inconsistent with itself.

5. **Appellate Practice—Verdict—Evidence.**

The verdict of a jury upon conflicting evidence will not be disturbed on appeal where the verdict is supported by evidence.

*Appeal from the District Court of Weld County.*
*Hon. Christian A. Bennett, Judge.*

Mr. H. E. CHURCHILL, for appellant.

Mr. C. D. TODD, for appellees.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Appellant, who was plaintiff below, for a first cause of action, by his complaint averred, that the defendants, appellees, entered into a verbal contract with him whereby they agreed to sink a well upon the premises of plaintiff "to a sufficient and whatever depth that was necessary to obtain a good quality of soft water and of sufficient quantity to furnish plaintiff with perpetual soft water for domestic and stock purposes," and to case the well with 4-inch iron pipe, so as to shut off all surface and hard water, for which plaintiff was to pay defendants 75 cents per foot in depth; that thereafter, defendants informed plaintiff that they had completed said contract according to the terms thereof and requested of plaintiff the payment of the agreed price, amounting to something like $420.00; that plaintiff, relying upon the statement of defendants that they had completed said well in accordance with their agreement, and had obtained the quantity and quality of water contracted to be furnished, paid defendants the sum of $250.00; that such payment was made upon the representations of defendants that they had completed-such well according to their agreement; that the plaintiff did not know and had no means of ascertaining to the contrary, and in making such payment relied upon the statements and representations of defendants, which statements and representations were wholly false and untrue, and that the amount paid by plaintiff was paid by a mistake, wherefore, judgment for $250.00 was prayed.

For a second cause of action plaintiff averred the verbal contract set forth in the first cause of action; that he was in the farming and stock-raising business; that by reason of defendants' failure to

complete the contract as agreed upon he was damaged in the sum of $300.00; that relying upon the representations of the defendants that they had completed said contract he purchased a windmill and pump to utilize such well for the purpose for which it was constructed; that by reason of defendants' failure and neglect to sink said well, such machinery is wholly worthless to the plaintiff, wherefore he prayed judgment against the defendants for the sum of $500.00.

Defendants by their answer admitted the verbal contract alleged in the complaint; denied the other allegations of the complaint and averred complete performance of the contract.

For a further answer and as a counter-claim, defendants averred that they agreed with the plaintiff to sink the well for 75 cents a foot and to case the same, the plaintiff agreeing to pay the defendants the cost of whatever casing was placed in the well; that by said agreement defendants agreed to sink said well whatever distance was necessary to procure soft water sufficient in amount to furnish plaintiff water for domestic and stock purposes, the same being the usual amount required upon the ordinary farm; that, pursuant to such contract, they drilled said well to a depth of 364 feet and, by testing the same, found that they had procured water in character and amount provided for in such contract; that plaintiff received such well and paid them on account thereof the sum of $250.00; that such well was cased according to the contract down to the rock; that after plaintiff had used such well several months it was discovered that there was a seam in the rock through which certain soft materials worked into the well and interfered with the pump; that thereupon plaintiff and defendants entered into a contract by virtue of which it was agreed that 3½-inch

casing should be placed in the well, to shut off the soft material encountered, and that the well should be sunk deeper; that defendants complied with the terms of this new contract, and tendered the well to plaintiff, who received the same and pronounced himself satisfied; that under the contract, defendants sunk the well to a depth of 507 feet, and placed 272 feet of casing in the well, making the total cost thereof $489.05; that the plaintiff was indebted to them on account of board agreed by him to be furnished to the defendants, in the sum of $10.80; that they placed in such well pipes and rods and a pump and cylinder, at a cost of $191.45; that the total amount due from plaintiff to defendants, by reason of the premises, was $691.20, no part of which has been paid, except the sum of $250.00, and that there is now due defendants from plaintiff $441.20.

Plaintiff's reply put in issue the averments of the further answer and cross-complaint.

Trial to a jury resulted in a verdict and judgment against plaintiff for the sum of $440.70, from which is this appeal.

Errors assigned are: The instructions to the jury, and that the verdict and judgment are contrary to and not supported by the evidence.

Counsel for appellee, in his brief, calls attention to the fact that the transcript of record and bill of exceptions do not show that plaintiff ever made any objections or saved any exceptions to the instructions given.

The abstract of the record shows, at the close of the testimony, the following:

"And thereupon the foregoing being all of the evidence adduced at the trial, the court instructed the jury as follows:"

Then follows, in the abstract of record, 4 pages of instructions, which are in unnumbered para-

graphs, and at the close of the instructions the following:

"And thereupon, and before the jury were instructed, the plaintiff, by his counsel, objected and excepted to the giving of the following and specific portions of the foregoing instructions, to wit:"

Following which are about two pages of excerpts from the instructions given.

An examination of the transcript of the record discloses that no objection was made or exception saved to any instruction given to the jury, and nowhere does it appear in the transcript of record that the objection inserted in the abstract and last above quoted was made at the time the instructions were given, or at any other time.

We are therefore forced to the conclusion that the statement made by counsel for appellee in his brief is correct, which statement is as follows:

"Counsel for appellant has inserted what purports to be certain objections, but the same are not folioed, and cannot be found in the record, and constitute mere extraneous matter improperly inserted in the printed abstract, and its insertion there does not warrant any assignment of error thereon, nor authorize the court to consider the same."

In his reply brief, counsel for appellant practically admits the correctness of the statement made by counsel for appellee in this behalf, and seeks to avoid the conclusion drawn, by the statement that, under Rule XV, if appellee desired to question the correctness of the abstract furnished by appellant, he might have raised that question by an amended abstract. Not having seen fit so to do, by the decisions of the courts of this state he must be deemed to have waived such objection.

No decision is cited in support of the foregoing extraordinary position, nor can any be cited, for there are none.

The rule referred to by counsel provides for the filing of a further abstract, setting forth matters which may have been omitted from the abstract filed by appellant. The abstract contemplated by the rules is an abstract of the transcript of the record and should not include matters not found in the transcript filed by appellant or plaintiff in error.

As the transcript of record fails to show that any objection was made or exception reserved to any instruction given by the court to the jury, we decline to consider the assignments of error based upon such alleged errors.

A careful examination of the pleadings in this case leads to the conclusion that the plaintiff, in his complaint, alleges a contract with the defendants to sink a well to a depth sufficient to supply a good quality of soft water, and of sufficient quantity to furnish plaintiff with perpetual soft water for domestic and stock purposes.

The defendants, in their answer, admit making such a contract, and plead performance thereof. As a second defense and counter-claim, the defendants allege another contract, under which they were required to sink the well to a depth sufficient to furnish plaintiff with soft water sufficient for domestic and stock purposes, the same being the usual amount required upon the ordinary farm.

The contract alleged in defendants' further defense and counter-claim seems to have been made necessary by the fact that after defendants had fully complied with the terms of the first contract, a seam in the rock developed, from which soft material entered the well and interfered with the operation of the pump, necessitating a recasing to a

point below the seam, and sinking the well to a greater depth.

Appellant's position is, that having admitted the making of the contract as alleged in the complaint, defendants are bound by such admission, and that the new contract alleged in the further defense and counter-claim is inconsistent with such admission, and is also inconsistent with itself.

If it be conceded that the further answer and counter-claim is inconsistent with the first answer, under section 59 of our code, such inconsistent answer is permissible.—*People v. Lothrop,* 3 Colo. 428, 450; *Travelers' Ins. Co. v. Redfield,* 6 Colo. App. 190; *Cole v. Bush,* 6 Colo. App. 294; *Pike v. Sutton,* 21 Colo. 84.

There is nothing in the further answer and counter-claim pleaded by defendants which is inconsistent with itself. It sets forth a contract complete in itself, with terms somewhat different from the terms of the original contract.

At the trial three witnesses testified that as to quantity and quality of the water, the defendants had fully complied with the terms of the first contract, and five witnesses testified that defendants had fully complied with the terms of the second contract, so that the contention of appellant that the verdict and judgment are unsupported by the evidence, is without merit.

True, there was substantial conflict in the testimony upon every material issue in the case, but under the well established rule of this court, the verdict of the jury will not be disturbed where the same is supported by evidence.

For the foregoing reasons the judgment must be affirmed.      *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER concur.