# SUPREME COURT

#### OF THE

## STATE OF COLORADO

### SEPTEMBER TERM, 1912

[No. 6735.]

### DENVER OMNIBUS & CAB CO. v. GAST.

1. JOINT TORT—*Charged Against Several—Recovery Against One* —On complaint charging a joint tort against several, and evidence convicting one or part of the defendants, plaintiff may have judgment against those shown to be guilty, the others being acquitted. Plaintiff is not required to elect and discontinue as to those against whom no case is made.

2. PLEADING—*Answer—General Denial*—The general denial casts upon the plaintiff the burden of establishing all the material allegations of the complaint, regardless of the other defenses in the answer.

3. ——*Inconsistent Defenses*, may be presented in the same answer.

4. ——*Construction*—The reply may be referred to to determine plaintiff's then understanding of the averments of the answer.

5. —— ——Plaintiff sought to charge a carrier with the loss of a trunk. The answer admitted that at the day and place mentioned in the complaint some person unknown to defendant delivered to it a trunk, but "whether plaintiff was the owner of the trunk * * * defendant has not and cannot obtain suincient information, etc." *Held*, the burden was upon the plaintiff to show that he was the owner of the trunk, and that an instruction to the effect that defendant admitted by its answer that he had received plaintiff's trunk, was error.

6. EVIDENCE—*Competency*—In the same case the evidence tended to show the delivery of the trunk by plaintiff to the porter of a certain hotel. *Held*, that defendant was at liberty to show that this porter had no authority to accept baggage for it.

Plaintiff by his deposition testified that the driver of defendant gave him its check, of a certain number, for his trunk. The check was not attached to the deposition. A letter of the defendant which was read in evidence stated that he received a hotel check from the porter of a certain hotel.

At the trial plaintiff's attorney offered what purported to be a check of defendant of the same number as that mentioned in plaintiff's deposition; but it was not identified, or its authenticity in any manner shown. *Held*, that an objection to its admission should have been sustained.

*Error to Denver District Court.*—Hon. GEORGE W. ALLEN, Judge.

Messrs. THOMAS, BRYANT, NYE & MALBURN, for plaintiff in error.

Mr. W. W. COVER, for defendant in error.

*Upon Petition for Rehearing.*

Mr. JUSTICE HILL delivered the opinion of the court:

This action was brought by Wilson M. Gast against The Denver Omnibus and Cab Company, The Union Depot and Railway Company, and The Chicago Burlington and Quincy Railway Company, to recover damages for the loss of his

trunk and contents. The verdict of the jury and judgment were against The Denver Omnibus and Cab Company, but in favor of the other defendants. The cab company brings the case here for review on error. By stipulation Martha E. Gast, administratrix of the estate of Wilson M. Gast, deceased, has been substituted as defendant in error.

The complaint alleges that plaintiff delivered his trunk to the defendants as common carriers, to transport from 1673 Broadway, Denver Colorado, to Williamsport Pennsylvania. The testimony on behalf of plaintiff was to the effect that he delivered the trunk to the cab company, and that its engagement was to transport it from 1673 Broadway to the baggage room of The Union Depot and Railway Company in Denver, which it failed to do. There was no evidence connecting the other defendants with the transaction. The action was a joint one for tort against all three defendants, for which reason it is urged that proof of a separate tort by the cab company, and failure to prove any concert between the defendants resulting in the loss of the trunk, is fatal to the action; that in order to hold persons jointly liable for tort it must appear in some way that it was the result of their joint action, or joint neglect of duty. As we understand it, in an action charging this kind of a joint tort, the rule is that the plaintiff will be permitted to recover against such of the defendants as his testimony establishes by community of fault were guilty of the tort charged, and that a judgment can be entered accordingly.—*Carper v. Risdon*, 19 Colo. App. 530; *Dahms v. Sears*, 13 Oregon 47; sec. 241, Rev. Code 1908.

Some states hold, that in order to secure such a judgment, the plaintiff must, at the trial, amend his complaint and proceed against the parties whom the evidence shows are jointly liable for the tort; that in such case he is entitled to amend as a matter of course.—*Sturzebecker v. The Inland Co.*, 211 Pa. St. 156. But in a case where it is debatable whether the evidence sustains the action against some particular defendant, we think that the rule announced in *Carper v. Risdon, supra*,

is the better one, and that instead of requiring the plaintiff to elect, and dismiss the action against certain of the defendants, it is just as competent for either the court or jury to find certain defendants liable, and others not, as the evidence to them discloses.

The complaint alleges an agreement on the part of defendants to convey the plaintiff's trunk to Williamsport, Pennsylvania. The evidence fails to establish this. If the cab company received the trunk (which is in dispute), the evidence tends to establish that its agreement was to convey it to the baggage room of the depot company; for which reason it is urged that the case should fail because the contract set up in the complaint was not established. As the case must be reversed for other reasons we deem it unnecessary to pass upon this question for the reason that the material allegations of the complaint are the receipt of the trunk, the agreement to transport it somewhere, or do something with it, the failure of the company to do so, and its loss. As the place where it was to be transported, if changed, would not state a new cause of action or jeopardize the rights of the defendant, the question can be eliminated by amending the pleadings prior to a new trial.

By instruction 2 the jury were told, in substance, that the cab company admitted in its answer that it received the plaintiff's trunk and that the burden was upon it to account for it, and on failure to do so it was liable for its value. In this the trial court erred. The first defense set up in the amended answer is a general denial. This is sufficient to place the burden on the plaintiff of proving all the material allegations of his complaint, regardless of the other defenses in the answer, even if they are incomplete.—*Pike v. Sutton,* 21 Colo. 84; *Bessemer I. D. Co. v. Woolley,* 32 Colo. 437, 444.

Under our rule of practice separate defenses may be inconsistent with each other.—*Pike v. Sutton, supra; Hill v. Groesbeck,* 29 Colo. 161; *Koll v. Bush,* 6 Colo. App. 294; *Western Union Tel. Co. v. Eyser,* 2 Colo. 141; *Duffield v.*

*D. & R. G. R. R. Co.,* 5 Colo. App. 25; *Travelers Ins. Co. v. Redfield,* 6 Colo. App. 190; *People ex rel. v. Lothrop,* 3 Colo. 429; *Hummel v. Moore,* 25 Fed. 380; *Colo. Central C. M. Co. v. Turck,* 50 Fed. 888, 892.

This instruction eliminated the debatable question of the receipt of the plaintiff's trunk by the defendant. This was made an issue by the first defense in the amended answer. This is sought to be justified under the claim that the defendant, in its amended answer, admitted the receipt of his trunk at 1673 Broadway. We do not so understand the effect of this pleading, the substance of which is that the company admits that some one, to it unknown, did, on the 19th of July, 1906, deliver to it a certain trunk at 1673 Broadway, but as to whether plaintiff was the owner of the trunk, or whether the contents was of the value of $1,000, the defendant has not and cannot obtain sufficient information upon which to base a belief. The record discloses that the plaintiff at that time did not assume that the company admitted the receipt of his trunk, for the reason that in his replication to the amended answer he says, "Plaintiff admits that 'some one' did on the 19th day of July, 1006, deliver to defendant in the city and county of Denver a certain trunk, which trunk plaintiff avers was delivered by plaintiff to the defendant herein, and is and at the time was the said trunk of plaintiff in question." It will thus be observed that the issues as made up cast the burden upon the plaintiff to establish that the trunk admitted to have been received by the defendant at 1673 Broadway was the trunk of the plaintiff. The deposition of the plaintiff upon this question was, in substance, that he was the owner of a trunk and its contents which he delivered upon July 19th, 1906, at about 11 P. M. at 1673 Broadway to one of the drivers of The Denver Omnibus and Cab Company, for delivery to the union depot at Denver, for which he paid the driver fifty cents; that he received from the driver a check of The Denver Omnibus and Cab Company, No. 3295.

The deposition of Charles E. Lamm was that he was

with Gast at the time.    The remainder of his testimony was the same as Gast's.

William H. Wheadon testified that he was secretary of the Denver lodge of Elks; that as such he received a letter from the plaintiff dated Williamsport, Pennsylvania, September 6th, 1906.    This letter was introduced in evidence, in which Mr. Gast, in substance said that in leaving Denver, after attending the Elks' convention, he had his trunk checked by porter of Savoy hotel, night of July 20th, having stopped across the street from Savoy at 1673 Broadway; that the porter of Savoy took the trunk over to hotel, giving him Savoy hotel check 3295 for same; that following morning baggage department claimed trunk had not reached depot, but gave him their check No. 65926 for the Savoy check; that he had not received the trunk yet, and in a letter from baggage agent Campbell August 11th, he was informed The Denver Omnibus and Cab Company had no record of receiving trunk from hotel; that hotel people were unable to locate it up to that time. He requested investigation by the secretary, also said, "It is possible that the porter stole this trunk, and probably the police department could learn who was porter at the Savoy hotel night of July 20th, and by seeing that individual could learn something of the present location of same."

A Mr. McIlduff testified that he lived at 1673 Broadway, knew Wilson M. Gast, met him at witness' home here; that Mr. Gast wrote him to go to night porter of Savoy hotel and try to trace the trunk from there.

Mrs. McIlduff testified that she resided at 1673 Broadway; that Mr. Gast came to their house to room during the Elks' convention; that when he got ready to leave he went to Savoy hotel and had the night porter come over and get his trunk; that he brought over a light hand cart and took the trunk to Savoy hotel between 9:30 and 11 o'clock; that Mr. Gast left the following morning; that there was no wagon of The Denver Omnibus and Cab Company at her house after the trunk; that Mr. Gast, Mr. Lamm, herself and another

lady, who lives in Oregon, were present when the porter of the Savoy hotel came over and got the trunk; that the night porter never took any other trunks from her house that she knew of.

It will be observed that there was a sharp conflict in the evidence concerning the delivery of the plaintiff's trunk to the cab company. There was no evidence offered to establish that the porter of the Savoy hotel was a representative of the company, or had authority to check trunks for it; while there is an irreconcilable conflict between the plaintiff's deposition and his letters, concerning the disposition of his trunk. The defendant sought to show that the porter had no authority to accept trunks for it. The evidence was rejected, presumably upon the same theory under which the instruction was given, competent evidence upon this subject was proper. It will thus be observed that the issue concerning the receipt of the plaintiff's trunk by the defendant was never considered by the jury. This necessitates a reversal of the judgment.

In view of a new trial we call attention to the admission in evidence upon behalf of the plaintiff of defendant's purported check No. 3295. This was objected to as not being identified, and no foundation laid for its admission. When this objection was made counsel for plaintiff said, "It is the check Mr. Gast refers to in his deposition." It was not made a part of the deposition, nor produced or identified by any witness. It was presented by counsel for plaintiff. The identity of the checks became material for the reason that the plaintiff testifies that a driver of the defendant gave to him its check No. 3295 when he received his trunk, while his letter states that the porter of the Savoy hotel gave him a hotel chock of the same number. In the manner offered the objection to its admission should have been sustained.

Other assignments urged pertaining to instructions refused and given and the sufficiency of the evidence need not be considered. In view of the briefs and the knowledge dis-

closed by the authorities cited; most, if not all, of these questions can be eliminated upon a second trial.

The former opinion is withdrawn; the judgment is reversed and the cause remanded for a new trial in harmony with the views herein expressed. Both parties will be permitted to amend their pleadings as they may be advised.

                   *Reversed and Remanded.*

Decision *en banc.*

Mr. JUSTICE GABBERT and Mr. JUSTICE GARRIGUES dissent.

CHIEF JUSTICE CAMPBELL not participating.

Decided November 6, A. D. 1911. On rehearing judgment reversed January 6, A. D. 1913.