## SECURITY STATE BANK v. FUSSELL.

No. 2439.   Opinion Filed January 7, 1913.

(129 Pac. 746.)

1.   **EVIDENCE**—Documentary Evidence.   The original passbook of a bank customer, containing the original entries of deposits made by him, and the original checks signed by the customer on which the deposits were withdrawn, are competent evidence of the facts disclosed by them.

2.   **BILLS AND NOTES**—Collection—Evidence.   When a customer of a bank asks for the balance due on a note, and is informed by the bank of the amount, and pays so to the bank the amount so requested, the bank cannot subsequently recover from the customer an attorney's fee ·because the note had been placed in the hands of an attorney, where the attorney had made no effort to collect it, and the customer did not know that it was held by the attorney.

(Syllabus by Ames, C.)

*Error from Pontotoc County Court;*
*Conway O. Barton, Judge.*

Two cases were commenced in the justice court by the Security State Bank against J. E. Fussell.   One was on a note for $150, and the other was on a note for $20 and an alleged balance of a note for $286.50.   Judgments were rendered for the plaintiff, and the defendant appealed to the county court, where the cases were consolidated, and on the trial judgment was rendered for the defendant, and the plaintiff brings error.   Reversed in part and affirmed in part.

*Emanuel & Broadbent,* for plaintiff in error.

*Bullock & Kerr,* for defendant in error.

Opinion by AMES, C.   The defense in both cases was payment.   In the suit on the $150 note the defendant testified that he called at the bank with a check for a little over $300, that he gave this check to the banker, instructed him to pay the note, and place the remainder to his credit.   This was his evidence tending to show payment.

The bank offered in evidence the original passbook of the defendant and his original checks for the purpose of showing

that he was given full credit for the full amount of this check, and that he drew it all out in due course of business, and that the note was not paid as claimed by the defendant. This evidence was excluded, and this is the error assigned. This was error, as the passbook and original checks were competent evidence tending to show the facts disclosed by them.

The other case, however, should be affirmed. There the defendant testified that he had paid the $20 note in cash, and the jury accepted his testimony as true. He also testified that he asked the bank by letter for the amount due on the $286.50 note, that they informed him what was the amount, that he then gave them a check for the amount, which they received and wrote him that there was still a balance due on account of attorney's fee, but it does not appear that he had knowledge that the note was in the hands of an attorney, or that an attorney had rendered any service in the matter, and as the bank dealt direct with him and gave him the amount due, and as he paid to the bank the amount due, we do not think it was error not to permit the attorney's fee to be collected. There is also a question as to a small balance of interest, which need not receive further attention, as there is no claim of mistake or accident, and no issue is properly presented on account of it.

We think the judgment of the trial court should be reversed as to the matters involved on the note for $150, and the cause remanded for a new trial, and that the judgment should be affirmed as to the other action, and that the costs in this court should be equally divided between the parties.

By the Court: It is so ordered.