[No. 8079.]

O'ROURKE v. O'ROURKE.

1. CHANGE OF VENUE—*Waiver.* A defendant who after the erroneous denial of her motion for a change of venue voluntarily answers, and proceeds to trial without objection, waives her right to the change. (302)

2. DIVORCE—*Condonation—Plea* of, may be pleaded with the general denial. (302)

*Error to Huerfano County Court.*—Hon. HENRY BLICKHAHN, Judge.

Mr. M. J. GALLIGAN, for plaintiff in error.

Mr. CHARLES HAYDEN, Mr. R. E. FOOTE, Messrs. BARNETT & CAMPBELL, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

On May 27, 1912, defendant in error, Michael S. O'Rourke, filed complaint in divorce, in the County Court of Huerfano County, against plaintiff in error, Adeline O'Rourke, alleging cruelty, adultery and desertion. Defendant interposed a motion to change the venue of the cause to Pueblo County, supported by affidavit of her residence in that county and service of summons there. Plaintiff filed an affidavit resisting the motion, stating his residence and lawful domicile to be in Huerfano County, and that defendant being his wife had her legal residence also in that county. The motion was over-ruled.

Defendant, for a first defense, denied the alleged acts of desertion, cruelty and adultery, and for a second, separate and independent defense, interposed a formal plea of condonation. In this plea it is alleged, in substance, that in June, 1909, plaintiff commenced an action against defendant for divorce in Pueblo County, setting up substantially the same facts that are relied upon for divorce in his amended complaint in this case, which former suit was dismissed after issue joined; also that in July, 1910, defendant brought an action against plaintiff in the same county for separate maintenance, which was dismissed on January 21st, 1911; and that in January, 1912, they cohabited and lived together as husband and wife.

Plaintiff filed a motion to strike that part of the answer relative to condonation, upon the ground that a general denial having been entered it was not competent for the defendant to interpose a plea of confession and avoidance, such as condonation, because it is antagonistic to, in conflict with and destructive of the defense tendered by the general denial. That motion was sustained. A replication was thereupon filed. Upon trial a jury returned a verdict for plaintiff, finding defend-

ant guilty of cruelty and desertion, and judgment was
entered thereon. Thereafter defendant filed a petition
to set aside the decree and reopen the case, which was
overruled. She brings the case here on error.

The motion of defendant for a change of venue, suffi-
ciently supported as it was, should have been allowed.
However, upon the overruling of such motion, she volun-
tarily answered and went to trial without further ob-
jection. This action reinvested the court with judisdic-
tion and waived her right to the change, because the
court had jurisdiction of the subject-matter of the suit,
it having been brought in one of the three counties in
which plaintiff might properly bring it.—*Christ v. Flan-
nigan,* 23 Colo. 140; 146 Pac. 683; *Phoenix Indemnity Co.
v. Gregor,* 39 Colo. 193, 88 Pac. 1066.

On the ground that denial and condonation are in-
consistent, contradictory and antagonistic defenses, the
court, on motion of plaintiff, struck the plea of condona-
tion. This was reversible error. This action deprived
the defendant of a defense to which she was entitled.—
Mills' Ann. Code, § 59. It is unnecessary to discuss the
argument of counsel upon this point, for this case is, in
any event, plainly within the established rule.—*Koll v.
Bush,* 6 Colo. App. 294, 297, 40 Pac. 579; *Carlile v. Peo-
ple,* 27 Colo. 116, 59 Pac. 48; *Hill v. Groesbeck,* 29 Colo.
161, 67 Pac. 167; *Conrey v. Nichols,* 35 Colo. 478, 84 Pac.
470; *Pike v. Sutton,* 21 Colo. 84, 39 Pac. 1084; *Denver Co.
v. Gast,* 54 Colo. 17, 20, 129 Pac. 233.

Counsel for defendant in error adroitly and per-
suasively argue that there was included in the general
denial averments which sufficiently presented the issue
of condonation, and therefore, in the absence of any rec-
ord showing the contrary, the evidence and instructions
of the court not having been brought up, it must be pre-
sumed that this issue was in fact tried, submitted to the

jury and determined adversely to the defendant. A complete answer to this contention is that the assumption of counsel that such a plea is found in the first defense is without foundation in fact, for it contains no sufficient plea of condonation or anything approaching such a plea.

The judgment is reversed and the cause remanded with directions to the lower court to permit defendant to file an amended answer, amending generally, as she may be advised.

*Reversed and remanded.*

Chief Justice Musser and Mr. Justice White concur.