## No. 8338.

### AMERICAN SMELTING AND REFINING COMPANY *v*. HICKS ET AL.

1. PARTIES—*Indispensable Parties.* The trespasser who has wrongfully extracted ores from the properties of another, and delivered the same to a Refining Company, is not an indispensable party to an action by the owner against the Refining Company for the value of the ores; and his threats, from another jurisdiction, to hold the Refining Company responsible, and that the Refining Company may be harrassed by such litigation, in another jurisdiction is immaterial.

Taber v. Bank of Leadville 35 Colo. 1, and Rumsey v. New York Life Company 50 Colo. 71, distinguished.

2. TRESPASS—*Liability for*, is joint and several.

*Error to Summit District Court, Hon. Charles Cavender, Judge.*

Mr. HENRY A. DUBBS, Mr. HENRY C. VIDAL, for plaintiff in error.

Messrs. HOGAN & BONNER, for defendants in error.

Chief Justice Hill delivered the opinion of the court:

THIS action was instituted by the defendants in error, hereafter called the plaintiffs, against S. B. and M. A. Wright and The American Smelting and Refining Company. The complaint alleges that the defendants Wright,

by means of underground workings, etc., entered upon plaintiffs' property and mined and carried away certain ore; that it was shipped to the defendant, The American Smelting and Refining Company, and that the proceeds of such ore were then in the hands of said company; that plaintiffs had served the company with notice that the ore was the property of plaintiffs; that defendants Wright are claiming the proceeds of said ore, and that the defendant Refining Company threatens to make settlement with the Wrights for it, etc., unless restrained, etc. The prayer is for judgment against Wrights for $100,000.00 damages, and that they be restrained from further trespass on plaintiffs' property; that the defendant, The American Smelting and Refining Company, be restrained from making settlement with Wrights for the ore taken; that it be declared to hold the proceeds of said ore as trustee for the use of plaintiffs, and to pay such proceeds to them, etc.

That portion of the findings and judgment necessary to review is against The American Smelting and Refining Company, wherein it is held that ore of the value of $449.45 was, by the defendants Wright, unlawfully taken from the property of plaintiffs and shipped to the Refining Company, and at the time of the commencement of this action was in its possession, had been converted to its use, and that the plaintiffs are entitled to the proceeds in the sum of $449.45.

The Refining Company brings the case here for review, and contends that the court erred in its findings: (a) That service of summons was legally made upon the Wrights by publication; (b) that the proceeding was *in rem*; (c) that it had jurisdiction over the Refining Company as to the $449.45 in its hands, and in entering the default of the Wrights and in finding that these ores shipped to the Refining Company amounting to $449.45 were the property of the plaintiffs, and that they are entitled to said moneys; and (d) in finding that plaintiffs were entitled to judgment against the Wrights for this property in the hands of the

Refining Company; and (e) in not holding that there was no service of summons upon the Wrights; and (f) that they were indispensable parties, and that the court was without jurisdiction to enter judgment against the Refining Company, for the reason that no legal service was made upon the Wrights, etc.

The plaintiffs maintain that the Wrights entered a general appearance which gave the court jurisdiction over them; that if this position is not sound, that they were regularly served by publication; that the action is *in rem,* and for this reason that the court had jurisdiction to proceed in so far as the ore and the proceeds derived therefrom by the Refining Company are concerned; and that the Wrights were not indispensable parties as between the plaintiffs and the Refining Company to this action for possession of the ores belonging to the plaintiffs, or their value, when it is alleged and was established by proof that they were wrongfully and unlawfully taken from plaintiffs' mine by the Wrights, and wrongfully and unlawfully delivered to the Refining Company. If the latter of these contentions is sound, the others need not be considered.

As between the plaintiffs and the defendant Refining Company, the pleadings allege and the proofs establish that certain persons (in this case the Wrights) wrongfully and unlawfully took from plaintiffs' mine certain ores, and delivered them to the defendant Refining Company, who converted them to its own use; that it has paid no one for them, and that their value is $449.45. In such circumstances, we can not agree that the Wrights are indispensable parties to the action between plaintiffs and the defendant Refining Company, in order for plaintiffs to recover the value of their ores. *Tabor v. Bank of Leadville,* 35 Colo. 1, involved the validity of a garnishee summons issued by purported authority of a void judgment, it has no application to a case of this kind. The judgment here for review is the one against the Refining Company, for its conversion of the plaintiffs' property. The fact that others

assisted in the commission of the tort is no defense to its liability. The fact that the Wrights lay claim to the proceeds is no defense to the Refining Company for the conversion of plaintiffs' property. The contention that without the presence of the Wrights as parties, there can be no inquiry concerning plaintiffs' rights against the defendant Refining Company for the conversion of their property, is not well taken. We might as well say that A, the owner of a cow which had been stolen by B, who sells it to C, who converts it into beef, can have no adjudication of his claim against C for its conversion without finding and making B, the thief, a party to the action. To bring it nearer to this case, suppose B sells a stolen horse to C, to be paid for later, and A, the owner, brings suit against C for possession or its value; C admits having received the horse from B, and that he agreed to pay B, the thief, for it, but says to A that, notwithstanding you allege and have proven that the horse was stolen, that it is yours, and that you are entitled to it, or its value, nevertheless the thief B, from somewhere out of this state claims this money, hence, I can not be made to pay you until you get the thief into court, and have his rights determined against me pertaining to my liability to him for selling the horse to me. This, in substance, is the position of the defendant Refining Company. It admits the receipt of the ore, its conversion by it, but says that the Wrights are in California, and make claim there against it for these proceeds, that as it does business in California, they may sue it there, and unless the Wrights' claim against them is determined in this litigation, it may be compelled to pay them for this ore, although it is now compelled to pay plaintiffs for it; for this reason, as the Wrights can not be reached here, that the plaintiffs, in order to have their claim adjudicated against the Refining Company, must go where the Wrights are, and make them parties to the action. If such were the rule, it would, in many cases, work a denial of justice. All persons, in some degree, must be held responsible for the result of their

actions in dealing with others. Think of the result that might follow should the rule contended for be applied to transactions in the buying and selling of live stock at the large centers of trade.

The act complained of against the defendant Refining Company is *ex delicto.* In such case, the liability for conversion is joint and several. *Carper v. Risdon,* 19 Colo. App. 530, 76 Pac. 744; *D. O. & C. Co. v. Gast,* 54 Colo. 17, 129 Pac. 233. In the former of these cases, at page 536, 129 Pac. 746, it is said:

"The point is made that, after the court had ordered the dismissal as to Lindemann, it could not lawfully render judgment against Carper, because the complaint charged a joint conversion. For a joint trespass, the liability of the trespassers is joint and several. This action might have been brought in the first instance against Carper alone; or, having been brought against both, there might, at any time before judgment, have been a dismissal by the plaintiff as to Lindemann, leaving the action to proceed against the other defendant; and, on principle, we confess ourselves unable to see why the court might not do what could have been done by the plaintiff, or why it is not competent to either court or jury, in an action for a trespass, to find one defendant guilty, and another not guilty." We think this declaration somewhat applicable to the facts here. Section 84, Revised Code 1908, provides that:

"The court shall in every stage of an action disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect."

As heretofore stated, the complaint states a cause of action in favor of the plaintiffs against the Refining Company; there is no contention that it was not tried, or that the testimony did not sustain it. A judgment was rendered thereon. In such circumstances, under the provision of the Code last cited, it should not be reversed unless it works

prejudicial error against the substantial rights of the Refining Company, and inasmuch as the Wrights were not indispensable parties to this contention, all portions of the case concerning them can be eliminated, without doing an injustice to the Refining Company pertaining to the issue presented against them and tried. Hence, it is unnecessary to determine whether there was service of summons upon the Wrights, whether the court had jurisdiction over them, or whether any judgment rendered against them is valid or otherwise. The fact that they threaten the Refining Company with suit in another jurisdiction to recover the value of this ore is no defense to its paying the plaintiffs for it if the allegations of plaintiffs' complaint are true; if they are, that fact would be a defense in favor of the Refining Company against the Wrights in any jurisdiction. The contention of the Refining Company that this will not relieve it from being harassed with litigation concerning it may be true. One answer to this is that the Refining Company, and not the plaintiffs, brought about the condition whereby it may be liable to such an attack, by purchasing something from the Wrights which they did not own, and which in fact belonged to the plaintiffs, and which they did not give the Wrights or the Refining Company permission to take.

Had the pleadings disclosed that the action involved contractual relation between the plaintiffs and the Wrights concerning this property, it might present a different question, in which case *Rumsey v. New York Life Insurance Company,* 59 Colo. 71, 147 Pac. 327, might be applicable. In that case the record discloses that Rumsey, then of Honolulu, secured from the insurance company a $5,000.00 policy upon his life, wherein Benson, Smith & Company, also of Honolulu, were designated as the beneficiary; that after Rumsey's death, his wife brought suit in Colorado to be substituted as the beneficiary, and to recover the value of the policy, seeking to invoke the equitable rule of substitution. She admitted that she had never been designated in the manner provided in the policy as the beneficiary, and

that such an endorsement had never been made on the policy, or on the books of the company, and also that at the time of her husband's death, Smith, Benson & Company were in possession of the policy, were the designated beneficiaries in it, and that the records of the company thus showed. She contended that upon account of certain acts of the insurance company and also certain alleged wrongful acts of Benson, Smith & Company in refusing to surrender the policy, etc., that under the equitable rule of substitution, she should be treated as having been substituted during the life of her husband as the beneficiary, instead of Benson, Smith & Company, and was entitled to recover the amount called for in the policy as such substituted beneficiary, without making Benson, Smith & Company a party to the suit, or securing from them the surrender of the policy. We held, under such circumstances, that their equities and rights as a beneficiary could not be determined under the equitable rule of substitution in an action to which they were not a party. Such an issue is foreign to the case under consideration.

The judgment is affirmed.

Affirmed.

Mr. Justice Garrigues and Mr. Justice Scott concur.