## GRACE v. DUNN.

No. 24043.   March 12, 1935.

C. B. Leedy, for plaintiff in error.

L. H. Clark, for defendant in error.

PER CURIAM. This action was instituted in the district court of Ellis county, Okla., by J. W. Dunn, as plaintiff, against H. C. V. Grace, as defendant, to recover $75 attorney fee on a promissory note executed by H. C. V. Grace, and payable to the order of J. W. Dunn. The principal and interest due on the note having been paid, the only question is as to the attorney fee. For convenience the parties will be herein referred to as they appeared in the court below.

The plaintiff, J. W. Dunn, filed his petition in the district court of Ellis county against H. C. V. Grace, and caused a summons to be issued thereon. Briefly stated, the petition sets out the following facts:

On September 1, 1929, defendant, H. C. V. Grace, for a good and valuable consideration, made, executed, signed, and delivered to the plaintiff, J. W. Dunn, his certain promissory note, in writing, whereby he promised to pay to J. W. Dunn, or order, ____ days after date thereof, the sum of $795.12, with interest from maturity at ten per cent. per annum and an attorney fee of ten per cent., in event said note was placed in the hands of an attorney for collection.

On March 1, 1930, the plaintiff made a demand on the defendant for the payment of the note, and defendant refused to pay the same, but stated he would pay a part of the debt at a future time, without fixing any definite date. After making this demand, and on the same day, the plaintiff placed the note in the hands of L. H. Clark, his attorney at law, for collection, with instructions to file a suit at once. Said attorney immediately prepared the papers to file the suit, but before the suit was filed the defendant gave L. H. Clark, the attorney for plaintiff, a check for $796.12, which check was cashed by Clark on March 3rd, the intervening day, March 2nd, being Sunday. The plaintiff claimed the amount of the attorney fee was $78.51, and sued for that amount.

To this petition, after a demurrer had been filed and overruled, the defendant filed an answer setting forth the following facts:

After denying generally the allegations of plaintiff's petition, stated: That on March 1, 1930, the plaintiff came to the defendant's place and stated that the note sued on was due, and the defendant on the same date, March 1, 1930, sent his check to L. H. Clark, made payable to J. W. Dunn, which check Clark accepted and cashed on March 3, 1930; that the full amount of the note and all legal charges against defendant were paid the day the demand was made, which was March 1, 1930.

To this answer the defendant replied in substance as follows: Denying generally the allegations in defendant's answer, and admitting that on Saturday evening, about sundown, on March 1, 1930 (alleging that long after the bank and public offices in said town of Arnett had closed their business day), the defendant's messenger delivered to L. H. Clark the check for $796.12, and that on the 3d day of March, which was Monday, the check was cashed by the bank on which it was drawn and the defendant given credit as of March 3rd for said $796.-12 on the note, but he denies that L. H. Clark, his attorney, accepted the said check as full payment; that he paid Clark $75 as attorney fee and asks that he recover said amount from defendant.

Thereafter the case was tried to a jury. After each of the parties had introduced their evidence and rested, the defendant moved the court to direct the jury to return a verdict in favor of the defendant, which motion was by the court overruled, and the defendant excepted.

The plaintiff then moved the court to direct the jury to return a verdict in favor of the plaintiff for the amount sued for, which motion for directed verdict was by the court sustained, and to which the defendant excepted.

The court then instructed the jury to return a verdict in favor of the plaintiff, and the jury returned a verdict for the plaintiff in the sum of $75. Judgment was rendered upon the verdict of the jury for that amount. Defendant's motion for a new trial was overruled and defendant excepted, and he appeals.

The errors discussed in the brief in this case are:

"The trial court committed reversible error in refusing to instruct the jury to return a verdict in favor of the defendant; and again committed reversible error in instructing the jury to return a verdict for the plaintiff."

We fully agree that the trial court committed reversible error in each instance.

The defendant says in his brief:

"We find no case in our state which has directly passed upon the same state of facts, but, by analogy, this court has settled this question in the case of Security State Bank v. Fussell, 36 Okla. 527, 129 P. 746."

This is the only case cited by defendant in his brief, and it recites an entirely different state of facts.

The plaintiff cites four cases in his brief, none of which deal with the question presented by the assignment of errors in this case.

The plaintiff claims that L. H. Clark, his attorney, did not have authority to accept this check as full payment of the note, and L. H. Clark claims he did not so accept it and cites authorities to the effect that an attorney cannot compromise his client's cause of action. There was not any compromise of the cause of action of the plaintiff in this case. It is admitted that this check was full payment of all that was due on the note except the attorney fee.

L. H. Clark testified for the plaintiff that he stated to the messenger for Grace, who delivered to him the check, that:

"I informed him that I had no right to bind Mr. Dunn in anything except to bring this suit. * * * If you want me to, I will take the check and I will call the bank and see whether it is good and when I get the money I will give him credit for the amount and I will write Mr. Dunn before I file any suit and see whether he wants to file the suit or is willing to take what he has got. * * * I wish to expressly say that I did not accept the check in payment of the note and so stated to the agent of the defendant on the porch of my home."

The plaintiff further admits that the check was made payable to J. W. Dunn, that L. H. Clark indorsed the check "J. W. Dunn by L. H. Clark, collection attorney," and the check was cashed by the bank on which it was drawn. Mr. Clark retained $75 as his attorney fee and sent the balance of the $796.12 to J. W. Dunn.

Mr. Clark either had authority to collect this note or the defendant in error has no claim for attorney fees. That part of the note upon which defendant in error relies to recover an attorney fee reads:

"We, the makers, agree to pay an attorney's fee of ten per cent. in case this note is placed in the hands of an attorney for collection."

If it was not placed in the hands of L. H. Clark, as Mr. Dunn's attorney, for collection, then there was not any attorney fee due, and the plaintiff could not recover. If it was placed in the hands of Mr. Clark, as an attorney, to institute a suit upon it for collection of the note, then Mr. Clark, as such attorney, had authority to receive payment of the note. He did receive payment, and the full amount due on the note, except the attorney fee, was paid to Mr. Clark, attorney for Mr. Dunn, before there was any default in the terms of the note.

It is admitted by each of the parties hereto that the note sued on is a negotiable instrument and comes within the Negotiable Instruments Law of the state of Oklahoma. Had the trial court examined this Negotiable Instruments Law, it probably would not have fallen into the error it did.

The note sued on in this action did not express any time when it was payable. Section 11306, Okla. Stats. 1931, provides:

"When Payable on Demand. An instrument is payable on demand:

"First. Where it is expressed to be payable on demand, or at sight, or on presentation; or

"Second. In which no time for payment is expressed.

"Where an instrument is issued, accepted or indorsed, when overdue, it is, as regards

the person so issuing, accepting or indorsing it, payable on demand."

Under this section of the statute the note was payable on demand; therefore, this note did not become due by its terms until demand was made. When a proper demand was made, the defendant would at least have the entire day in which to pay, and the fact that the check was not delivered until after office hours is immaterial; it was delivered to the attorney for the plaintiff and he received it, and the next secular day cashed it.

Section 11384, Okla. Stats. 1931, provides:

"When Instrument is Payable. Every negotiable instrument is payable at the time fixed therein without grace. When the day of maturity falls on Sunday, or a holiday, the instrument is payable on the next succeeding business day. Instruments falling due on Saturday are to be presented for payment on the next succeeding business day, except that instruments payable on demand may, at the option of the holder, be presented for payment before 12 o'clock noon on Saturday when that entire day is not a holiday."

Under this section no proper demand had been made; it was made on Saturday afternoon and not before 12 o'clock noon of that day, under the admitted testimony of the plaintiff.

Section 11373, Okla. Stats. 1931, provides:

"The instrument must be exhibited to the person from whom payment is demanded, and when it is paid, must be delivered up to the party paying it."

The evidence in this case does not disclose a demand under the Negotiable Instruments Law of this state. The plaintiff did not testify that he presented the note to the defendant on Saturday afternoon, or that he even had the note with him. The defendant testified positively that the note was not presented to him and he did not see it. Therefore, there was no demand complying with the above-quoted statutes. The note could not be placed in the hands of an attorney for collection, so as to charge the defendant with an attorney fee, until after a default in the terms and conditions of the note. The evidence failed to disclose any default, but, on the contrary, showed conclusively that no default had yet occurred. The fact that the plaintiff paid L. H. Clark, his attorney, the sum of $75, has nothing whatever to do with his right to recover that amount from the defendant. No legal liability was cast on the defendant for the payment of any attorney fee under the facts disclosed by the pleadings and the evidence in this case.

When the pleadings and evidence fail to show that the plaintiff is entitled to recover, but, on the contrary, show conclusively that the plaintiff is not entitled to recover, this court should reverse the case and instruct the trial court to render the judgment it should have rendered.

This cause is hereby reversed and remanded to the district court of Ellis county, with instructions to vacate the judgment heretofore rendered herein in favor of the plaintiff and set aside the verdict of the jury rendered herein and render judgment in favor of the defendant, and the cost in both courts will be taxed against the plaintiff.

The Supreme Court acknowledges the aid of Attorneys John R. Miller, Fred A. Speakman, and T. L. Blakemore in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Miller, and approved by Mr. Speakman and Mr. Blakemore, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and WELCH, PHELPS, and CORN, JJ., concur